# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| VINCENT YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT ATTORNEY MEG HEAP,<br>LYNDSEY RUDDER, and BRANDON<br>THOMAS,<br><br>Defendants. | Case No. CV415-018 |

## REPORT AND RECOMMENDATION

Vincent Young, who is proceeding *in forma pauperis* ("IFP"), has filed a 42 U.S.C. § 1983 complaint seeking release from incarceration because his public defenders waived his right to a preliminary hearing without his consent. He also complains that the district attorney and an assistant district attorney met for a "bench conference" outside of his presence, and this resulted in a change in the charges against him. (Doc. 1.) His complaint should be dismissed.[1]

---

[1] The Court screens his complaint to determine whether he has stated a cognizable claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring a district court to dismiss *sua sponte* an IFP complaint that fails to state a claim for relief, is frivolous or malicious, or seeks monetary relief from a defendant immune from such relief); *see*

To the extent Young seeks to interrupt an ongoing state prosecution, the Court will abstain from considering it. *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) ("Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions.") (citing *Younger v. Harris*, 401 U.S. 37 (1971)). A federal court may not enjoin the state court criminal proceeding unless: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing *Younger*, 401 U.S. at 46-54); *Cole v. State of Florida*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). Young has not offered any facts rising to the level of a *Younger* exception.[2]

---

*also* 28 U.S.C. § 1915A (courts must dismiss claims filed by prisoners that are frivolous or otherwise not "cognizable.").

[2] "Under *Younger*, intervention cannot be predicated on mere allegations; rather, the federal plaintiff must *prove* [an exception is met] before intervention is warranted." *Phelps v. Hamilton*, 59 F.3d 1058, 1066 (10th Cir. 1995) (emphasis

2

He must advocate before the state courts, not here.

Additionally, plaintiff may not pursue the habeas remedy of release from confinement in a combined civil rights and habeas complaint. *See Hudson v. Hubbard*, 358 F. App'x 116, 119 (11th Cir. 2009) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1062 (11th Cir. 2003)); *see also Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Wolff v. McDonnell*, 418 U.S. 539, 553-55 (1974) (delineating distinctions between using § 1983 to pursue damages, and habeas for claims affecting confinement).

And even were the Court to construe Young's complaint as a habeas petition, it still fails because he has not alleged that he exhausted his state court remedies, which is a precondition to such actions. 28 U.S.C. § 2254(b) (codifying common law exhaustion requirement); *Wilkinson*, 544 U.S. at 79 (all habeas corpus actions "require a petitioner to fully exhaust

---

added); *see Juidice v. Vail*, 430 U.S. 327, 338 (1977) (holding that the bad faith or harassment exception to *Younger* "may not be utilized unless it is alleged and proved that [the defendants] are enforcing the contempt procedures in bad faith or are motivated by a desire to harass").

state remedies"); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). Nor has plaintiff substantially followed the Court's § 2254 form petition, as required by Rule 2(d) of the Rules Governing Section 2254 Cases. If he wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules.

Since the Court cannot grant the relief he requests, plaintiff's complaint should be **DISMISSED**. Meanwhile, Young is statutorily required to pay the filing fee for this lawsuit. Based upon his furnished information, he owes at $7.93 partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's account custodian, however, shall set aside 20 percent of all future deposits to the account and forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, plaintiff's present custodian

4

shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

A copy of this Order and a copy of the Consent to Collection of Fees from Trust Account shall be served upon plaintiff and his current custodian. The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

**SO REPORTED AND RECOMMENDED** this 16th day of April, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA